**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN ALLEN SCHMIDT,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. _____ |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant. | : | |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. Plaintiff Kevin Allen Schmidt brings this action to remedy his unlawful incarceration in Federal Bureau of Prisons ("BOP") custody for three years beyond the sentence of imprisonment he was ordered to serve by a U.S. District Court. His unlawful confinement was due to the actions and inactions of employees of the U.S. District Court, the U.S. Marshals Service and/or the BOP. Those actions and inactions were undertaken with extraordinary and gross negligence and/or recklessness to the fact that Mr. Schmidt was imprisoned for a longer period than permitted under the law. As a result of those actions and inactions, Mr. Schmidt was deprived of his liberty and the enjoyment of his life, and he suffered significant financial harms.

2. Mr. Schmidt brings this action against Defendant United States of America under the Federal Tort Claims Act in order to seek compensation for his substantial damages.

### II.  JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331, 1346(b).

4. In July 2016, Mr. Schmidt submitted timely Administrative Tort Claims to the Administrative Office of U.S. Courts, the U.S. Marshals Service, and the Federal Bureau of Prisons. Each agency received the Tort Claims on or about July 25, 2016. On September 7, 2017, the Administrative Office of U.S. Courts denied the claim. Mr. Schmidt has, therefore, fully exhausted administrative remedies.

5. Venue is proper in this District under 28 U.S.C. § 1402(b) as the acts and omissions at issue in this Complaint occurred within the District.

### III.  PARTIES

6. Plaintiff Kevin Allen Schmidt, age 46, was at all times relevant to this Complaint incarcerated in BOP facilities. He is no longer incarcerated and presently resides in Baldwin, Iowa.

7. Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

8. At all times relevant to this Complaint, all personnel of the U.S. District Court, the U.S. Marshals Service, and the Bureau of Prisons referenced below were employees of Defendant United States of America and were acting within the scope and course of their employment.

9. At all times relevant to this Complaint, all personnel of the U.S. Marshals Service, and the Bureau of Prisons referenced below were investigative or law enforcement officers of the United States.

### IV.  FACTS

10. On January 27, 2004, Mr. Schmidt received a sentence of 210 months imprisonment in the U.S. District Court for the Southern District of Iowa following a guilty plea

to Count I of an indictment charging him with conspiracy to manufacture and distribute methamphetamine. *See United States v. Kevin Allen Schmidt*, No. 3:03-cr-00201-RP (S.D. Iowa).

11. Mr. Schmidt began serving his sentence as of that date and was designated to a BOP facility.

12. Thereafter, based on actions taken by Mr. Schmidt, the U.S. Attorney's Office for the Southern District of Iowa moved the sentencing court to reduce Mr. Schmidt's sentence pursuant to Fed. R. Crim. P. 35(b)(2).

13. On August 16, 2005, the sentencing court granted the motion and issued an Order and Judgment stating that Mr. Schmidt's sentence would be reduced by half, from 210 months to 120 months.

14. This substantial reduction of Mr. Schmidt's sentence, however, was never taken into account in determining the amount of time Mr. Schmidt would be required to serve in BOP custody.

15. Upon information and belief, this omission was due to the failure of a court employee/employees in the U.S. District Court for the Southern District of Iowa to take the required actions to cause information about the reduced sentence to be transmitted to the BOP.

16. Further, upon information and belief, this omission was due to the failure of an employee/employees in the U.S. Marshals Service to report information about the reduced sentence to the BOP.

17. Further, upon information and belief, this omission was caused by the failure of a BOP employee/employees to properly apply the Court's order reducing Mr. Schmidt's sentence to the calculation of time Mr. Schmidt would be required to serve.

18. All of the above referenced employees had a legal duty to Mr. Schmidt and others similarly situated to ensure that judicial orders regarding a sentence of imprisonment would be properly taken into account in determining the amount of time spent in custody.

19. All of the above employees knew, reasonably should have known, or consciously disregarded the fact that the failure to ensure that a judicial order concerning Mr. Schmidt's sentence was properly taken into account in determining Mr. Schmidt's time in custody would result in an unlawful period of imprisonment.

20. Accounting for good time credit, Mr. Schmidt's sentence following the August 16, 2005 order expired on December 21, 2011.

21. Mr. Schmidt was not released on that date.

22. Mr. Schmidt received no notice of the judicial order reducing his sentence.

23. Nor did Mr. Schmidt receive notice that his sentence was to expire on December 21, 2011.

24. Nearly three years later, in October 2014, Mr. Schmidt, while still in BOP custody, filed a motion with the sentencing court contending that his sentence should be reduced due to amendments to the U.S. Sentencing Guidelines.

25. Mr. Schmidt's motion was denied as moot.

26. Upon information and belief, at the time Mr. Schmidt's motion was filed, a representative of the Federal Defender Office in the Southern District of Iowa discovered that Mr. Schmidt's reduced sentence called for his release three years earlier and alerted the BOP to that fact.

27. On January 16, 2015, a member of Mr. Schmidt's unit team at Duluth FPC, where Mr. Schmidt was then incarcerated, summoned Mr. Schmidt to his office.

4

28. The unit team member informed Mr. Schmidt that he would be released that day.

29. The unit team member supplied Mr. Schmidt with an "Inmate Skills Development Plan." That document, dated January 16, 2015, stated that Mr. Schmidt's projected release date was December 21, 2011: 36 months and 26 days earlier.

30. Mr. Schmidt was released from custody that same day.

31. Mr. Schmidt suffered significant harms as a result of his incarceration for more than three years longer than the sentence imposed by the court permitted.

32. Mr. Schmidt suffered substantial financial losses as he was unable to work in his trade as a skilled electrician.

33. Mr. Schmidt experienced physical and emotional trauma as a result of the deprivation his liberty and the limitation on his freedom to enjoy life as he desired.

34. Mr. Schmidt experienced significant emotional trauma due to the fact that he was unable to be present to provide moral guidance and financial support to his teen-aged son.

## V.  CAUSES OF ACTION

### Count I
### Federal Tort Claims Act – Negligence

35. The federal employees referenced above owed a duty to Plaintiff Kevin Allen Schmidt, breached their duty to Mr. Schmidt, and, as such, were direct and proximate causes and substantial factors in bringing about Mr. Schmidt's damages outlined above.

36. The actions of the federal employees referenced above constitute the tort of negligence under the laws of the State of Iowa.

37. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count II**
**Federal Tort Claims Act – False Imprisonment**

38. The federal employees referenced above acted intentionally, recklessly or negligently to detain and restrain Mr. Schmidt's liberty and freedom of movement, and that detention and restraint was unlawful.

39. The actions of the federal employees referenced above constitute the tort of false imprisonment under the laws of the State of Iowa.

40. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Count III**
**Federal Tort Claims Act – Intentional Infliction of Emotional Distress**

41. The federal employees referenced above engaged in outrageous conduct while intentionally or recklessly disregarding the probability that their actions would cause Mr. Schmidt emotional distress, and Mr. Schmidt suffered severe or extreme emotional distress which was caused by the employees' actions and/or omissions.

42. The actions of the federal employees referenced above constitute the tort of intentional infliction of emotional distress under the laws of the State of Iowa.

43. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Wherefore**, plaintiff Kevin Allen Schmidt respectfully requests:

A.    Compensatory damages;

B.    Reasonable attorneys' fees and costs;

C.    Such other and further relief deemed just and appropriate.

/s/ Glen Downey
Glen Downey
DOWNEY & MUNDY LAW OFFICES, PLLC
303 East Court Avenue
Des Moines, IA 50309
(515) 288-1552
(515) 259-7599
glen@downeymundy.com


/s/ Jonathan H. Feinberg
Jonathan H. Feinberg*
KAIRYS, RUDOVSKY, MESSING, FEINBERG
  & LIN LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, Pennsylvania 19106
(215) 925-4400
(215) 925-5365 (fax)
jfeinberg@krlawphila.com

*Counsel for Plaintiff*

*\*Pro Hac Vice Admission Pending*